

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELA JONES | : |
| | : CIVIL ACTION |
| v. | : |
| | : NO. 17-2347 |
| SKYVIEW MANAGEMENT, LLC; | : |
| VRAJ BRIG PA, LLC and WYNDHAM | : |
| HOTEL GROUP | : |

FILED
JUL 11 2017
KATE BARKMAN, Clerk
By _____ Dep. Clerk
July 11, 2017

O'NEILL, J.

## **MEMORANDUM**

Currently pending in this matter is a motion by plaintiff Angela Jones to remand the case to the Court of Common Pleas of Philadelphia County. Upon consideration of the parties' briefs, I will deny the motion.

### **FACTUAL BACKGROUND**

On April 21, 2017, plaintiff Angela Jones filed a praecipe to issue writ of summons and demanded a jury trial in the Court of Common Pleas of Philadelphia County against defendants Skyview Management, LLC, Vraj Brig PA, LLC and Wyndham Hotel Group. Am. Notice of Removal, ECF No. 4, ¶ 1. Plaintiff's praecipe and a writ of summons were served on defendant Wyndham Hotel Group on April 27, 2017. Id. ¶ 2. Defendants filed a notice of removal, under 28 U.S.C. § 1446(b)(3), on May 23, 2017. Id. ¶ 3. As removal was premised on diversity jurisdiction, I ordered counsel for defendants to file an amended notice of removal to more specifically aver the residences and citizenship of the members of Skyview Management, LLC and Vrag Brig, LLC. Order, ECF No. 2. Defendants filed that amended notice of removal on June 13, 2017. Am. Notice of Removal, ECF No. 4.

According to the amended notice, plaintiff is a citizen of the State of Illinois. Id. ¶ 9. Defendant Skyview Management, LLC is a limited liability company and sole member entity with its registered address and principal place of business located at 735 Highway 35 North, Asbury Park, New Jersey. At all relevant times, the sole member of Skyview Management, LLC was Ravi Sheth, located at 143 Valesi Drive, Morganville, New Jersey. Id. ¶ 5. Defendant Vraj Brig PA, LLC is a limited liability company and sole member entity with its registered address and principal place of business located at 2015 Penrose Avenue, Philadelphia, Pennsylvania. At all relevant times, the sole member of Vraj Brig PA, LLC was Ravi Sheth, located at 143 Valesi Drive, Morganville, New Jersey. Id. ¶ 6. Defendant Wyndham Hotel Group is a corporation incorporated in the State of Delaware with its principal place of business located at 22 Sylvan Way, Parsippany, New Jersey. Id. ¶ 7.

Defendants allege, on information and belief, that the incident giving rise to plaintiff's claims occurred on premises operated by defendant Skyview Management. Id. ¶ 8. Plaintiff's praecipe to issue writ of summons seeks damages in excess of $50,000, id. ¶ 11 & Ex. A, and defendants surmise that the amount in controversy in this matter is in excess of $75,000. Id. ¶ 13. To date, a formal complaint has not been filed or served by plaintiff, preventing defendants from ascertaining the specific injuries and damages allegedly sustained in the slip and fall incident that occurred on December 26, 2015. Id. ¶ 12.

On June 21, 2017, plaintiff filed a motion to remand this matter to state court based on the "forum defendant" rule.[1] Pl.'s Mot. to Remand, ECF No. 5. Defendant responded on June 26, 2017. Defs.' Resp. Opp'n Mot. to Remand, ECF No. 7.

---

[1] Plaintiff's motion to remand does not question defendants' assumption that the amount in controversy exceeds $75,000.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in a state court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). A defendant seeking removal of an action must file a petition for removal with the district court within thirty days of plaintiff's service of the complaint upon defendant. *See* 28 U.S.C. § 1446(b). "The defendants bear the burden of establishing removal jurisdiction and compliance with all pertinent procedural requirements." Winnick v. Pratt, No. 03-1612, 2003 WL 21204467, at *1 (E.D.Pa. May 20, 2003), citing Boyer v. Snap–On Tools Corp., 913 F.2d 108, 111 (3d Cir.1990); see also Palmer v. Univ. of Med. and Dentistry of N.J., 605 F. Supp. 2d 624, 627 (D.N.J. 2009) ("A party opposing remand must show that removal was proper.").

Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court. Cook v. Soft Sheen Carson, Inc., No. 08-1542, 2008 WL 4606305, at *1 (D.N.J. Oct. 15, 2008), citing 28 U.S.C. § 1447(c). Remand to the state court is appropriate for "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." PAS v. Travelers Ins. Co., 7 F.3d 349, 352 (3d Cir. 1993). Remand is mandatory and can occur at any time during the litigation if the court determines that it lacks federal subject matter jurisdiction. Kimmel v. DeGasperi, No. 00-143, 2000 WL 420639, at *1 (E.D. Pa. Apr. 7, 2000), citing 28 U.S.C. § 1447(c). A motion to remand the case on the basis of any defect in the removal procedure, however, must be submitted within thirty days after filing of the notice of removal under section 1446(a). 28 U.S.C. § 1447(c); N. Penn Water Auth. v. Bae Sys. Aerospace Elec., Inc., No. 04-5030, 2005 WL 1279091, at *5 (E.D. Pa. May 25, 2005). Upon a motion to remand, "[i]t is always the removing party's burden to prove the propriety of removal, and any doubts about the existence of federal jurisdiction must be resolved in favor of remand."

Lumbermans Mut. Cas. Co. v. Fishman, No. 99-929, 1999 WL 744016, at *1 (E.D. Pa. Sep. 22, 1999), citing Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992); see also Boyer, 913 F.2d at 111 (holding that the removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand"), quoting Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).

## DISCUSSION

Under 28 U.S.C. § 1332(a)

> [D]istrict courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens of a foreign state are additional parties; and (4) a foreign state, defined in § 1603(a) of this title, as plaintiffs and citizens of a State or of different States.

28 U.S.C. § 1332(a). The United States Supreme Court has read this Rule to require complete diversity between all plaintiffs and all defendants. Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005). In other words, each plaintiff must be able to sue each defendant. Singh v. Daimler–Benz AG, 9 F.3d 303, 305 (3d Cir.1993), citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); see also Yellen v. Telledne Cont'l Motors, Inc., 832 F. Supp. 2d 490, 501 (E.D. Pa. 2011) (noting that complete diversity requires that every plaintiff be of a diverse state citizenship from every defendant).

Even if diversity jurisdiction exists, however, a removal is procedurally defective if it violates the "forum defendant rule" of 28 U.S.C. § 1441(b). Under the forum defendant rule, a civil action that is "otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of

4

the State in which such action is brought." 28 U.S.C. § 1441(b)(2); see also Swindell-Filiaggi v. CSX Corp., 922 F. Supp. 2d 514, 517 (E.D. Pa. 2013).

In the present matter, plaintiff concedes that she is a citizen of Illinois, defendant Skyview Management, LLC is a citizen of New Jersey and defendant Wyndam Hotel Group is a citizen of both Delaware and New Jersey. She argues, however, that, by defendants' own admission, defendant Vraj Brig is a citizen of Pennsylvania and has been properly joined and served. Specifically, she cites to two paragraphs in defendants' amended notice of removal, as follows:

> 6. Vraj Brig PA, LLC, is a limited liability company and sole member entity with its registered address and principal place of business located [at] 2015 Penrose Avenue, Philadelphia, Pennsylvania. At all times material hereto the sole member of defendant, Vraj Brig PA, LLC was Ravi Sheth, 143 Valesi Drive, Morganville, New Jersey.
> . . .
> 9. Plaintiff is a citizen of the State of Illinois and Moving Defendants are citizens of the States of New Jersey, Pennsylvania and Delaware, both at the time of Plaintiff's Praceipe to Issue Writ of Summons, and continuing to and including the time of the filing of the Initial Notice of Removal and the within Amended Notice of Removal.

Am. Notice of Removal, ECF No. 4, ¶¶ 6, 9. Based on these averments, plaintiff contends that because Vraj Brig is a citizen of Pennsylvania and because the action was originally filed in the Pennsylvania Court of Common Pleas, the forum defendant rule bars removal.

While defendants' statements in the amended notice of removal unintentionally inject some confusion into the precise citizenship of the defendants, a closer look at the applicable law reveals that the forum defendant rule does not apply in this case. Vraj Brig PA, LLC is identified as a limited liability company. "[A] limited liability company, as an unincorporated business entity, should be treated as a partnership for purposes of establishing citizenship." Zambelli

5

Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010). The Court of Appeals has explicitly held that "the citizenship of an LLC is determined by the citizenship of each of its members." Id.

Under this rule, the citizenship of Vraj Brig PA, LLC, as a limited liability company, is determined by the citizenship of its sole member, identified in the amended notice of removal as Ravi Sheth, a citizen of New Jersey. Am. Notice of Removal, ECF No. 4, ¶ 6. Pursuant to the well-established rules in this Circuit, Vraj Brig PA, LLC is therefore a citizen of the state of New Jersey. It has no members in Pennsylvania. Although the amended notice of removal inexplicably alleges that the defendants "are citizens of the States of New Jersey, Pennsylvania and Delaware,"[2] id. ¶ 9, that statement cannot alter the legal fact that defendants are actually only citizens of New Jersey and Delaware. In turn, the forum defendant rule cannot apply.

In short, complete diversity of citizenship exists between plaintiff and defendants, the amount in controversy appears to exceed the $75,000 threshold and none of the defendants are citizens of the forum state. Under this set of facts, diversity jurisdiction exists, removal to federal court was proper and there is no basis for remand. Accordingly, I will deny plaintiff's motion to remand.

An appropriate Order follows.

ENTERED
JUL 1 1 2017
CLERK OF COURT

---

[2] In their reply brief, defendants explain that they "mistakenly stated" that Vraj Brig PA, LLC is a citizen of Pennsylvania, but that under the law, Vrag Brig PA, LLC is only a citizen of New Jersey.